IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CURTIS ACEVEDO, ) | |
| # 10042797 ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0828-K-BH |
| ) | |
| PARKLAND HEALTH AND HOSPITAL ) | |
| SYSTEMS, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 against Parkland Hospital, Dr. Kiran Khurana, physician's assistant Shakira Johnson, Dr. Pavelka, and nurse manager Bill Dell'Accio. He claims that he injured his back in September of 2006, before he was incarcerated, that he injured his right knee while incarcerated in a Texas prison sometime in 2010, and that he injured his right elbow in September of 2010 while incarcerated at the Dallas County jail. Plaintiff contends that the defendants have not provided appropriate medical care for these injuries. (Comp. at 3-4; Magistrate Judge's Questionnaire Answers[1] ("MJQ Ans.") 9). He also claims that the defendants have failed to provide appropriate care for his colitis. (Comp. at 4, MJQ Ans. 9). He seeks to have an M.R.I. performed on his back, knee, and elbow, proper treatment for each injury, a new G.I. test and proper medication for his colitis, compensation for his pain and suffering, and reimbursement of his

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

$350.00 filing fee. (MJQ Ans. 12).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate at the Dallas County jail who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived

2

of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A. **Non-Jural Entity**

Plaintiff sues the Dallas County Jail Health department. (Comp. at 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Dallas County jail nor a county medical department is a jural entity subject to suit. *See*, *e.g.*, *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007).[2] The claims against the jail medical department should therefore be dismissed.

B. **Medical Care**

Plaintiff sues the hospital, two doctors, a physician's assistant, and a nurse for providing him inadequate medical care after his two falls.

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this

---

[2] The MJQ specifically advised Plaintiff that the jail health department is a non-jural entity and provided Plaintiff an opportunity to amend his complaint to add additional defendants. He chose not to do so and elected to proceed against its contractor, Parkland Health and Hospital System. (MJQ Ans. 2).

3

requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

   1. **Hospital**

Plaintiff sues Parkland Hospital for "medical neglect and malpractice" because it contracts with the Dallas County jail to provide to medical care to inmates. (Comp. at 3; MJQ, Ans. 2). When

an inmate seeks to hold a governmental entity liable under § 1983,[3] he must show that the unconstitutional actions of jail officials resulted from a official policy or practice. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978); *see also Neely v. Khurana*, 2009 WL 1605649 at *10 (N.D. Tex. June 5, 2009) (applying Monell to civil rights claim against Parkland Hospital); *Kinzie v. Dallas Co. Hospital Dist.*, 239 F.Supp.2d 618, 624 (N.D. Tex. 2003) (same). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995). Isolated incidents, however, are insufficient to show a custom or practice for purposes of § 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.). A governmental entity cannot be held liable on a *respondeat superior* theory. *Monell*, 436 U.S. at 691.

The hospital cannot be held liable simply because it has a contract to provide medical care to inmates. Plaintiff has failed to even allege an official policy or practice to deprive inmates of their constitutional rights. The hospital therefore cannot be held liable for alleged civil rights violations under § 1983, and Plaintiff's claims against this defendant should be dismissed.

**2. Doctors and Physician's Assistant**

Plaintiff alleges that the defendant doctors and physician's assistant provided inadequate medical care with respect to his back, knee, and elbow injuries and his colitis. Dr. Khurana allegedly refused to treat his back, knee, and elbow other than with medication, and Dr. Pavelka and P.A. Johnson refused to order an M.R.I. on his back, knee, or elbow. (Comp. at 3, MJQ Ans 3, 4, 5). Plaintiff concedes that X-Rays have been performed on all three of these injuries and that the

---

[3] Parkland Hospital System is a political subdivision of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.001, et. seq. (West 2001).

X-Rays were "negative" with respect to his knee and elbow, but he claims he is still having problems with these injuries and that the medication he receives "can and will" cause damage to his liver and kidneys. (MJQ Ans. 8, 9). He also claims he has not received appropriate treatment for his colitis, although he concedes that he had a G.I. in May of 2010, has been treated with medication and a further G.I. test has been ordered. (MJQ Ans. 9, 10).

Plaintiff's claims are complaints about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). A failure to provide additional treatment may show medical malpractice, but not deliberate indifference, because decisions to provide additional treatment are matters of medical judgment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Domino v. Texas Dep't Crim. J*, 239 F.3d at 756. Even unsuccessful medical treatment does not give rise to a § 1983 violation. *Varnado v. Lynaugh*, 920 F.2d 321, 321 (5th Cir. 1991). Plaintiff's allegations about the actions of these defendants are not sufficient to state a violation of his constitutional rights. *See Iruegas v. Poe*, 374 Fed. App'x 513, 517 (5th Cir. March 22, 2010) (holding that a failure by prison medical personnel to order a MRI after X-rays revealed no broken bones or prescribe stronger pain medication was not a cognizable cause of action because the care received did not unnecessarily and wantonly inflict pain on the prisoner), *citing Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). Plaintiff's claims against the doctors and physician's assistant should be dismissed.

### 3. Nurse

Plaintiff also sues a nurse manager at the Dallas County jail. Plaintiff claims that this nurse does not order the appropriate treatment and sets his doctor's appointments at the jail rather than sending him to Parkland Hospital for treatment above and beyond medication. (Comp. at 3, MJQ

6

Ans. 7). Plaintiff's claims against this nurse relate to his medical treatment and fail for the same reasons as the claims against the doctors and physician's assistant fail. Plaintiff's allegations do not rise to the level of deliberate indifference. Although Plaintiff disagrees with how and where the nurse sets his doctor's appointments, he does not state a constitutional violation because he does not allege that the nurse refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly. *Johnson v. Treen*, 759 F.2d at 1238. Even if Plaintiff's complaint is read as a complaint that this nurse has delayed his medical care by his actions, a delay in medical care is a constitutional violation only if there has been deliberate indifference which results in substantial harm, which he has not alleged. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has not alleged a cognizable cause of action against the nurse manager, and the claims against him should also be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 30th day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE